## Case No. 3,365.

### CRAWFORD'S CASE.

[2 Cranch, C. C. 454.][1]

Circuit Court, District of Columbia. April Term, 1824.

INSOLVENCY—RENEWAL OF PETITION—PREFERENCE.

1. If a petitioner for the benefit of the insolvent act of the District of Columbia, upon the filing of allegations by his creditor or creditors, charging him with having assigned part of his property, within twelve months next preceding his application for relief, with intent to give a preference to any creditor or surety, withdraws his petition; such withdrawing is no bar to his relief under the act, upon a new

[1] [Reported by Hon. William Cranch, Chief Judge.]

petition and application made after the expiration of the twelve months from the time of giving such preference.

2. The judge will not direct interrogatories to be filed nor an issue to be tried upon vague allegations; nor unless the allegations charge the debtor with having conveyed, lessened, or disposed of part of his property, rights or credits, with intent to defraud his creditors; or with having, at one time within twelve months next preceding his application, lost, by gaming, more than $300; or with having, within the said twelve months, assigned or conveyed a part of his property, rights or credits, with intent to give a preference to a creditor or surety.

3. A preference given more than a year before the application for relief is no bar thereto.

Thomas Crawford was a petitioner to the Hon. JAMES S. MORSELL, one of the judges of this court, for the benefit of the insolvent act of the District of Columbia, of the 3d of March, 1803 (2 Stat. 237).

Peter Brady, one of his creditors, appeared by Mr. Wallach, his attorney, and orally objected to the discharge of the debtor, alleging that he had before applied for the benefit of the act, and, upon certain allegations being filed against him, had withdrawn his petition and abandoned his application for relief.

The application was now, on the 22d of April, 1824, made to Judge MORSELL, who was permitted to bring it before the court for the consideration and advice of the judges.

Mr. Jones and Mr. Key, for the petitioner, objected that no allegations can be received unless in writing, and filed, and the judge being of that opinion,

Mr. Wallach filed allegations in writing, charging: (1) That on the 17th of April, 1823, the said Thomas Crawford filed his petition for the benefit of the act, &c., and that certain allegations were then and there filed on the part and behalf of Peter Brady, one of his creditors, charging him, among other things, with having within twelve months before his application for relief conveyed certain goods and chattels the property of the said debtor to certain creditors and sureties, which, among other things will appear by reference to the said allegations, and that after the filing of the said allegations, namely, on the 2d of May, 1823, the said debtor withdrew, or attempted to withdraw his said petition, and did not submit to the trial of the said allegations, whereupon it was ordered by the judge that the jury be discharged and the papers recorded, and subject to any future order in the premises on any future petition of said Crawford. (2) That the said Thomas Crawford did, within twelve months preceding the said 17th of April, 1823, the day of filing his said first petition, &c., convey a certain negro boy, named John, to a certain Jaunaro S. Favre, a creditor or surety of the said Thomas Crawford, with intent to give a preference to the said Jaunaro S. Favre over other creditors or some of them.

There were five other allegations charging him with conveying property to sundry other creditors within twelve months before the 17th of April, 1823, with intent to give them preference; and the said Brady insisted upon the other allegations which he had filed in May, 1823, upon the debtor's first petition; (1) The first of which allegations charged that the said Thomas Crawford, did within a few months, being less than a year before his application for the benefit, &c., "dispose of a part of his furniture with intent to defraud his creditors." (2) That he did, on or about the 8th of April last, "dispose of certain personal property, in trunks sent from Mrs. Sarah Crawford's, with intent to defraud his creditors." (3) That he did, with intent to defraud his creditors, early in the month of April last, "dispose of certain other personal property in trunks and bundles sent away from Georgetown, from the house of a certain John Abbott, and from the city of Washington, from the house of William O'Neal." The fourth, fifth, sixth, seventh, eighth, ninth, and tenth allegations charged him respectively with giving preferences to sundry creditors before the 17th of April, 1823.

The present petition was filed on the 22d of April, 1824; and the 30th was assigned for the hearing.

Mr. Key and Mr. Jones, for petitioner.

The judge can only regard the allegation of some of the matters mentioned in the seventh section of the original act of the 3d of March, 1803, which are (1) the disposing of property to defraud creditors; (2) loss by gaming; and (3) the assigning of property to give a preference to a creditor, within the year. It is contended that no debtor who has withdrawn his petition, or who has been defeated, can ever after be relieved under the act. But even if relief has been once denied because the debtor had given a preference within the year, he may apply again after the year and be relieved. A disposition of property to defraud creditors must be such a disposition as operates at the time of the application for discharge, and actually then deprives the creditors of property then existing: a disposition of property fully complete, and executed, and the property consumed, is not within the meaning of the act. All the allegations which charge fraud are altogether vague and uncertain.

Mr. Hay, for the creditor, contended that the withdrawing of his petition by the debtor, under the circumstances of the case, was a bar to his relief under a subsequent petition. He admitted that the fraud must be a fraud upon creditors existing at the time of the application; but he contended that the allegations need not be more specific than they were; and that the clause of the act which authorized the judge to require the debtor to answer interrogatories upon oath was intended to furnish the means, or to supply the place of precision in the allegations.

MORSELL, Circuit Judge (CRANCH, Chief Judge, concurring, and THRUSTON, Circuit Judge, doubting) was of opinion that the abandonment of the first petition is no bar to his present application. THRUSTON, J., however, concurred in the opinion that if the petitioner be refused a discharge because he had given a preference within a year before his application, it is no bar to his subsequent application after the expiration of the year next after the preference given.

MORSELL, Circuit Judge, also decided that a preference given more than a year preceding his present application for relief, was not a bar thereto. The judges all concurred in deciding that all the allegations of disposing of property with intent to defraud his creditors were too vague, and that the defendant was not bound to plead to them so as to make up an issue thereon. The debtor was then discharged by the judge.